## EVIDENCE—EXECUTORS AND ADMINISTRATORS—TRUSTS.

[Hamilton (1st) Circuit Court, December 19, 1905.]

Jelke, Swing and Giffen, JJ.

JOHN WENTZEL (EXR.) v. CHARLES R. CHESLEY ET AL.

EXECUTOR CAN MAINTAIN ACTION FOR RESTITUTION OF ASSETS OF TRUST ESTATE
WHICH HE HAS ERRONEOUSLY CONVEYED AWAY, WITHOUT CONSIDERATION.

If there are no intervening equities, an executor can maintain an equitable action to have restored to the trust estate, a portion of its assets which he has, by mistake as to his authority under the will, conveyed away without consideration; and the burden of proof will be upon those endeavoring to set up facts and reasons by way of consent or estoppel why this should not be done.

[Syllabus approved by the court.]

APPEAL from Hamilton common pleas court.

**John Wentzel,** for plaintiff.

**H. L. Gordon** and **G. A. Ginter,** for defendants.

JELKE, J.

On December 18, 1883, Henry Wentzel died testate, making John Wentzel executor and trustee of his will, the portions of which will involved in this case are as follows:

"Second. I, will and bequeath to my son, John, all my real and personal estate in trust for the use and benefit of my beloved wife, Margaret Wentzel, during her natural life, if so long she remain unmarried.

"Third. In case my wife shall remarry, I will and bequeath to her one-third (1-3) absolutely of all my real and personal estate; the remaining two-thirds (2-3) to be equally divided between my four children, John, Lizzle, Therese and Anna.

"Fourth. I will my beloved wife the privilege, power and prerogative to dispose of, by will at her death, a one-third interest in all the real and personal estate.

"Fifth. If my wife elects and takes against this will, I will and bequeath that the remaining portion of all my property be equally divided between my four children, John, Lizzie, Therese and Anna.

"Sixth. I will and bequeath, at the death of my beloved wife, Margaret Wentzel, all my real and personal property—except the one-third above mentioned—shall be equally divided between my four children, John, Lizzie, Therese and Anna.

"Seventh. I will that when money, which I have loaned, becomes due and the money due at my death on Policy 72,619 issued by the Connecticut Mutual Life Insurance Company of Hartford, shall be collected and invested and reinvested, on good security, by my son John; the interest to be paid to my beloved wife."

In March, 1885, said John Wentzel, the executor and trustee as aforesaid, invested of the funds of said estate the sum of $2,080 in a certain lot of land situate on the south-west corner of Wheeler and McMillan streets, Cincinnati, Ohio, and subsequently $3,000 in building a brick house thereon, making a total expenditure of about $5,000.

Christina Chesley was the daughter of the widow Margaret Wentzel by a former husband and the stepsister of John, Lizzie, Therese and Anna Wentzel.

With the knowledge and the approbation, at the time it seems, of the widow Margaret Wentzel and her daughter Anna, John Wentzel, the executor and trustee, took the title of this property in the name of Christina Chesley where the title to said property has remained ever since.

Christina Chesley has died and the property apparently by inheritance passed to Charles R. Chesley.

Margaret Wentzel and Anna Wentzel, now Anna M. Hawkins, claim that they did not fully understand the transaction by which said title was taken in the name of Christina Chesley. Action is herein maintained by the said John Wentzel, executor and trustee, to recover and have brought back into the assets of the estate of Henry Wentzel, deceased, this property. It is manifest from a reading of the will that in doing as he did, the said John Wentzel as executor and trustee had no right, power or authority under the will so to do. This is admitted by counsel for defendant, but it is claimed that it was done with the knowledge and the consent of the widow and children of Henry Wentzel, deceased, and that the same has been acquiesced in now so long that the transaction cannot be disturbed. We do not think that this is so. This action is in no way barred by any of the provisions of the statutes of limitation. This property was clearly bought with the funds of said estate, and unless there is some estoppel, we see no reason why it should not in equity be restored. Neither Christina Chesley nor her son, Charles, ever paid one dollar on account of said property, but on the contrary have had the use and enjoyment of the same from 1885 to the present time without paying rent of any kind therefor.

It is extremely doubtful whether the widow, with the children of Henry Wentzel, could ratify and approve this unauthorized act of the executor and trustee by verbal consent or tacit acquiescence. It seems to us that if they had any power at all, which is extremely doubtful, during the life of Margaret Wentzel, to confirm this act, it ought to have been by deed. The power of Margaret Wentzel over the estate of

Henry Wentzel or any part thereof, is clearly indicated in items fourth, fifth and sixth of said will, and her power of disposition over the same could be exercised in no other way. A reading of the will would rather disclose that the object of the testator was to provide against the impulses of maternal generosity on the part of Margaret Wentzel and the importunities of any of her children, and to insure the conservation of the estate so as to furnish her an income as long as she lived.

Mrs. Therese Hirsch and Mrs. Lizzie Paine (both nee Wentzel), testified that they did not know of the transaction at the time it was made, and that immediately upon discovery of the same and ever since they have objected to and protested against the same; Mrs. Anna M. Hawkins, nee Wentzel, testifies that she knew of the transaction and rather procured her brother to make the same, always with the understanding, however, that it was a gift by the mother, Margaret Wentzel, out of her third to her daughter Christina, the said Anna's stepsister, and that she had no knowledge of the lack of power in the said John Wentzel, executor and trustee; that since she learned that the same was being taken out of the general assets of the estate, and that her mother had no power under the will to take this in this manner specifically out of her third, she objected and has ever since and does now object. The said John Wentzel testifies that he simply blundered.

In the face of the will and the admitted facts, the burden of proof to show the fact of consent, be that of such legal significance as it may, is on the defendant. The preponderance of proof, however, is plainly against the defendant in favor of the plaintiff. We see no reason for any estoppel. Neither Christina Chesley nor her son, Charles, have ever parted with anything on account of this property, neither have they been induced to change their legal relation or incur any obligation or liability on account thereof. They simply have enjoyed a residence for a period of years without cost to which they had no legal right for the use of which, however, there is no claim made, and this court would not allow any. But as to the corpus of the property, it is an asset of the estate of Henry Wentzel and as such ought to go back into the hands of the executor and trustee to strictly follow the course prescribed for the assets of the testator's estate, in his will.

There is a sentimental hardship in this conclusion, but no legal one. Margaret Wentzel, the widow, did not testify. The executor and trustee says that she is aged, and now needs for her comfortable maintenance and support an income on this property. We therefore find for the plaintiff and decree may be had accordingly.

**Swing** and **Giffen, JJ.,** concur.